UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FERNANDO A. ADAMS,

          Plaintiff,

  v.

COAF WI RTC
and CAPITAL ONE AUTO FINANCE,

          Defendants.

Case No. 24-cv-648-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING COMPLAINT FOR LACK OF JURISDICTION AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT**

---

      On March 25, 2024, the plaintiff—who is representing himself—filed a complaint alleging that he had made an "administrative remedy demand notice of acceptance" to the defendant, who had not responded within fifteen days. Dkt. No. 1. The same day, the court received from the plaintiff a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Because it does not appear that the court has jurisdiction, the court will dismiss the complaint but will allow the plaintiff to file an amended complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

      An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532,

1

534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit indicates that he is not employed and not married. Dkt. No. 2 at 1. He avers that he receives $388 in monthly income and that he has received $97 in unemployment insurance in the last twelve months. Id. at 2. The plaintiff says that he rents his residence, but the affidavit does not disclose the amount of rent he pays each month. Id. The plaintiff asserts that he pays $1,314 in total monthly expenses ($400 in child support, $329 in credit card payments, $470 in other household expenses and $115 in water/sewage). Id. at 2-3. The plaintiff reports he does not own a car, a home or any other property of value. Id. at 3-4. The plaintiff reports that he has $0 in cash or in a checking, savings or similar account. Id. at 3.

Based on the information in the affidavit, the court concludes that the plaintiff does not have the ability to prepay the filing fee and will grant the plaintiff's motion for leave to proceed without prepaying the fee. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic

Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphasis in original)).

## II.    Screening the Complaint

### A.    Legal Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. However, the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982).

Although courts grant their filings liberal construction, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff does not need to plead

3

every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

A party alleging fraud or mistake "must state with particularity the circumstances constituting [the] fraud or mistake." Fed. R. Civ. P. 9(b). To meet this particularity requirement, "a plaintiff ordinarily must describe the 'who, what, when, where, and how' of the fraud." Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co., 631 F.3d 436, 441–42 (7th Cir. 2011) (quoting United States ex rel. Lusby v. Rolls-Royce Corp., 570 F.3d 849, 853 (7th Cir. 2009)). Under Rule 9(b), "[m]alice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also Hefferman v. Bass, 467 F.3d 596, 601 (7th Cir. 2006).

B.   The Plaintiff's Allegations

In the caption of the complaint, in the field for "(Full name of defendant(s))," the plaintiff wrote,

4

> COAF WI RTC
> CAPITAL ONE AUTO FINANCE
> 7933 PRESTON ROAD
> PLANO, TEXAS 75024

Dkt. No. 1 at 1. The clerk's office read the above as identifying two defendants—"COAF WI RTC" and Capital One Auto Finance. It is not clear to the court that the plaintiff meant to sue two defendants. "COAF" is an initialism of "Capital One Auto Finance." "WI" is the common abbreviation for "Wisconsin." It is not clear what "RTC" means, although in the plaintiff's attachments he referenced "COAF WI RTC Replies," dkt. no. 1-1 at 1; it is possible that COAF WI RTC is a communications or payment portal used by Capital One Auto Finance. The body of the complaint refers to the defendant by name as "Capital One Auto Finance." Id. at 3, 4. This implies a single defendant. But the statement of claim's first reference to Capital One reads, "On the date of 01/20/2023, the affiant did present to Capital One Auto Finance (herein after respondents) . . . ." Id. at 3. The use of the plural "respondents" implies more than one defendant. Yet the statement of claim also states that the plaintiff has not received responses "from respondents, *its* co-parties or *its* officers." Id. (emphasis added). "Its," in the singular possessive, implies a single defendant.

The complaint says that on January 20, 2023, the plaintiff sent defendant Capital One Auto Finance an "administrative remedy demand notice of acceptance;" it alleges that the "respondents were given fifteen calendar days to comply with the notice of acceptance by answering/rebutting point by point each of [the plaintiff's] claims or in the alternative admit all claims verified

5

therein." Id. at 3. The complaint asserts that the plaintiff never has received a "completed response, as required, from respondents, its co-parties or its officers." Id. It avers that the "respondents" have not provided "any proof of standing or eveidence [sic] thereof." Id. The complaint asserts that, "as an operation of law, respondents and its co-parties and officers has/have admitted to the statements and claims verified therein." Id. The complaint then directs the reader's attention to "attached exhibits A, B, C, D." Id.

"Exhibit A" appears to be the "administrative remedy demand" referenced in the complaint. Dkt. No. 1-1 at 1-4. This document appears to have been prepared and sent by the plaintiff and directed to "COAF WI RTC Replies" and "Capital One Auto Finance (RESPONDENT);" it states that it is "IN RE: Alleged Loan #6204145634764." Id. at 1. The plaintiff stated that "it has come to my attention that fraud and/or other violations of public policy may have occurred in the operation of this account, therefore, I will be conducting discovery to determine the true facts in this matter." Id. The plaintiff asked the recipient to "respond and/or rebut the following within 10 days, point by point and line by line in affidavit form, and provide documentary evidence to support your claim(s) within 20 additional days[,]" before stating:

> Our economic system operates on credit and debt. If we have no currency of value or substance in circulation today, then what did the Bank "loan" me? It is unlawful for the bank to loan me their credit.
>
> So, what did the bank loan me?
>
> What value/substance did the bank loan me?

6

> Please provide the evidence that the bank loaned me anything of value.
>
> - At the closing, I placed my signature on a Promissory Note which I gave to the bank in the exchange. Said Promissory Note had no value prior to my placing my signature on it. Did it not?
>
> - There are no other signatures on said Promissory Note; therefore, it was my signature I that gave the value to the Promissory Note which I gave to the bank in the exchange. Was it not?
>
> - Since 1933 the United Sates has operated upon the good faith and credit of the American People, not eh [sic] good faith and credit of the Banking industry. Has it not?
>
> - The governments, including the government sanctioned corporations, institutions, and banks have no authority to create money. Only We the American People can create money. We the American people are the originators of the money and are therefore the Creditors. Are we not?
>
> - When I place my signature on the Promissory Note, giving value to the Note, I was the originator of the funds and, therefore, the Creditor of the transaction. Am I not?

Id. at 2 (emphasis in original).

The document further asserted that "[c]ivil code states that [the plaintiff has] a right to restitution and rescission if the bank sells and [sic] unregistered security[,]" and that "[i]t has come to [the plaintiff's] attention that the Promissory Note which [he] executed is an unregistered security and that it may have been sold, traded or assigned in violation of State statues." Id. at 3. The document said:

UCC 3-104(a) & UCC 3-105 (a)(c) makes it clear that I was the Issuer, Drawer, Maker of the Note-that I executed, giving it value, at the closing, while UCC 8-102(12), (15), (9) and UCC 8-105 leaves no doubt that I am the holder of the entitlement right to the funds. I am the Creditor and entitlement holder with the authority to issue Entitlement Orders as concerns this transaction and/or this account. Am I not?

- The Bank registered the "Auto Loan #6204145634764" but did not register the "Note", therefore, the "Note" is an unregistered security in accordance with the UCC and International Banking Law. Is it not?

- Please provide me certified copies of the accounting of the Promissory Note that I executed at the closing of said loan, to wit: the Accounts Receivables and Accounts Payables ledgers of this Promissory Note.

- Please provide me a certified copy, front and back, of the original Promissory Note as well as all assignments of the Note.

Id. at 3.

The "administrative remedy demand" concluded by saying:

Respondents' failure to respond point for point and line by line under penalty of perjury shall constitute your agreement that the process if [sic] free of error and/or omission, lawful or otherwise, having had the opportunity to respond and provide documentary evidence in affidavit form, and choosing to demur and stipulate to the facts as set forth by Claimant creating a binding contract between the Parties.

Your dishonor constitutes an estoppel and your voluntary waiver of all rights and remedies that may otherwise exist and your agreement to confess judgement in this matter. *A judgement shall require you to correct the public' record to convey satisfaction of said "auto finance loan", to retract any/all steps in any effort to take possession of the vehicle associated with said loan #6204145634764, to cease any demand for payment of said loan #6204145634764, and/or any reconveyance of the auto finance loan.* Furthermore, your failure to correct the public record shall be considered an act of slander of title

8

Case 2:24-cv-00648-PP   Filed 07/18/24   Page 8 of 18   Document 4

and proof positive evidence of standing for me to correct the public record to convey the truth.

Id. at 4 (emphasis added).

Based on the defendants' alleged failure to respond to this "administrative remedy demand," the plaintiff claims he is entitled to relief. Dkt. No. 1 at 4. Specifically, the plaintiff asserts he "is entitled to the return of all funds paid by [him] for the years 2019, 2020, 2021, 2022 where [he] paid monthly payments, plus all later fees and interest fraudulently charged." Id. The plaintiff contends that "Capital One Auto Finance was given the opportunity to simply return the original note and merge the accounts payable and accounts receivable as remedy but has failed to comply." Id. Finally, the plaintiff concludes "the monetary value of the note is the amount of $21,701.78 is the relief sought." Id.

    C.    <u>Analysis</u>

        1.    *Jurisdiction*

"Because federal courts possess limited jurisdiction, and '[j]urisdiction is the power to declare the law,' the first step in any federal lawsuit is ensuring the district court possess authority to adjudicate the dispute—in short, that it has jurisdiction over the subject matter." <u>Boim v. Am. Muslims for Palestine</u>, 9 F.4th 545, 550 (7th Cir. 2021) (citing <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998)). Federal courts "may hear and decide[] only disputes under federal law or disputes between citizens of different states." <u>Rasheed v. CLPF 624 South Glendora Avenue LP</u>, Case No. 23-cv-839, 2023 WL 4305022, at \*4 (E.D. Wis. June 30, 2023). On page 4 of the complaint form, the plaintiff

9

marked the box next to "I am suing for a violation of federal law under 28 U.S.C. §1331."[1] Dkt. No. 1 at 4. But he has not identified a federal law or constitutional provision that he believes has been violated. He asserts that the defendant (or defendants) was "required" to respond to his "administrative remedy demand," dkt. no. 1 at 3, but the complaint identifies no federal law containing such a requirement. The plaintiff's "administrative remedy demand" says that it constitutes "an Official Notice in accordance with the Fair Debt Collection Practices act and the Truth in Lending Act" that he disputes the debt. Dkt. No. 1-1 at 1. But the complaint does not allege that the defendant(s) violated either the FDCPA or the TILA, and the court is unaware of any requirement under either statute that, once notified that a borrower disputes a debt, the creditor must give a point-by-point rebuttal or admission within fifteen days, or that failure to do so constitutes admission. The court cannot determine whether it has "federal question" jurisdiction under 28 U.S.C. §1331.

Federal courts also have jurisdiction over all civil lawsuits where the amount in controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. §1332. The plaintiff is a citizen of Wisconsin. The complaint states that defendant Capital One Auto Finance is a citizen of the state of Texas. Dkt. No. 1 at 1-2.[2] That means that the plaintiff and defendant

---

[1] 28 U.S.C. §1331 says, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[2] Capital One Auto Finance, Inc. is a Delaware corporation with its headquarters in Texas. https://icis.corp.delaware.gov/Ecorp/ EntitySearch/NameSearch.aspx.

Capital One Auto Finance are citizens of different states. But for a federal court to have "diversity" jurisdiction under §1332, diversity must be "complete"—that is, the federal court "must satisfy itself that no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." Page v. Democratic National Comm., 2 F.4th 630, 636 (7th Cir. 2021) (citing Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998) (quotation omitted)). "[S]hared citizenship between just one party on both sides of the lawsuit destroys complete diversity." Id. The court has explained that it cannot tell whether "COAF WI RTC" is a separate defendant; if it is, the plaintiff has not identified its state of citizenship. If it is a separate entity, and if it is a citizen of Wisconsin, the court does not have diversity jurisdiction.

Even if "COAF WI RTC" is not a separate defendant, or even if it is but is not a citizen of Wisconsin, the complaint still does not meet the requirements of diversity jurisdiction. The plaintiff seeks $21,701.78 in damages (what he calculates as the value of the note). Dkt. No. 1 at 4. But under 28 U.S.C. §1332, the jurisdictional floor is $75,000—over three times the amount the plaintiff seeks in damages.

The court does not have diversity jurisdiction under §1332, and it cannot determine whether it has federal question jurisdiction under §1331. The court will give the plaintiff the opportunity to amend the complaint to clarify the basis for this federal court's jurisdiction. If the plaintiff includes COAF WI RTC as a defendant in the amended complaint, he should make clear whether this is a separate defendant and should identify its state of residence. If he is suing

11

for violation of federal laws, he should identify in the amended complaint the federal laws he believes the defendant(s) violated.

            2.    *Allegations*

There are two issues with the complaint. First, as the court has explained, the five-page document at Dkt. No. 1, prepared on this court's official complaint form, does not provide sufficient facts to allow the court to determine how many defendants the plaintiff means to sue or the laws he believes the defendant(s) have violated. The statement of claim consists of a single paragraph. It alleges that on January 20, 2023, the plaintiff sent by registered mail to Capital One Auto Finance—"return receipt requested, first class mail pre-paid"—his "administrative remedy demand notice of acceptance," but does not say whether the plaintiff received a return receipt or any proof that Capitol One Auto Finance received the document. It says that the "respondents were given" fifteen calendar days to respond, although it does not say by whom. It says that the "respondents" were required to answer or rebut each of the claims in the "administrative remedy demand notice of acceptance," that the plaintiff had not received a response as of the date of the complaint (May 14, 2024), that the "respondents" have not provided "proof of standing" and that the "respondents" have admitted "the statements and claims verified therein." Dkt. No. 1 at 3. As the court has explained, this sparse paragraph does not identify the law or laws that required the "respondents" to do what the plaintiff asserts it/they were required to do. There is not enough information here for the court to determine whether the complaint states a

12

claim for which a federal court may provide relief. The plaintiff may be able to remedy this in his amended complaint, by clarifying how many defendants he is trying to sue (and their identities and states of citizenship), by explaining whether he has evidence that those defendants received his administrative remedy demand and by identifying any federal laws he believes the defendant(s) violated.

The second issue with the complaint relates to the documents the plaintiff attached as exhibits. Federal Rule of Civil Procedure 10(c) states that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The Seventh Circuit has interpreted the term "written instrument" to include affidavits, letters, contracts and loan documentation. N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 453 (7th Cir. 1998) (citations omitted). That means that the complaint in this case consists not only of the five-page document at Dkt. No. 1 (which contains only the bare allegations the court described above), but the eleven pages of attachments at Dkt. No. 1-1.

Reading the complaint and the attachments together as a single document, it appears that the relief the plaintiff seeks is for the court to extinguish the plaintiff's auto loan debt and order the refund of payments he made from 2019 through 2022 because the defendants did not respond to his "administrative remedy demand notice of acceptance" and thereby admitted all the statements/allegations/assertions in that document. Dkt. Nos. 1, 1-1. It

13

appears that the plaintiff is calling into question the validity of the loan itself through what is sometimes known as the "vapor money" theory of debt.

The "vapor money" theory of debt is "in essence, based on the premise that because the United States went off the gold standard in 1933 with the passage of HJR–192, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender." Green v. Pryce, Case No. 15-3527, 2015 WL 4069176, at *2 (E.D.N.Y. July 1, 2015) (quotation omitted); see also Goodwin v. Flagstar Bank, Case No. 19-CV-859, 2019 WL 7582866, at *3 (W.D. Mich. Dec. 23, 2019) (discussing "[t]he genesis of the vapor money theory"), *report and recommendation adopted*, 2020 WL 255673 (W.D. Mich. Jan. 17, 2020). "Accordingly, under the vapor money theory, a loan imposes no repayment obligation if the indebtedness was funded with credit as opposed to hard currency." Brown v. Selene Fin. LP, Case No. 22-CV-04690, 2023 WL 3335060, at *4 (N.D. Ga. Apr. 10, 2023), *report and recommendation adopted*, 2023 WL 4996552 (N.D. Ga. June 1, 2023). The "vapor money" theory rests on the assumption "that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 212 (D. Conn. 2010); see also McLean v. Cap. One Auto Fin., Case No. 21-910, 2022 WL 2763158, at *2 (W.D. Tex. Mar. 25, 2022) ("All of Plaintiff's claims appear to rest on the theory that the promissory note she executed is the equivalent of 'money' that she gave to Defendant, and that because Defendant allegedly accepted the

14

note, Defendant essentially 'converted' the note and satisfied her automobile loan obligation."), *report and recommendation adopted*, 2022 WL 3449502 (W.D. Tex. June 9, 2022).

Federal courts universally have rejected the "vapor money" debt theory. See, *e.g.*, Allah-Bey v. Roberts, 668 F. App'x 419, 420 (3d Cir. 2016) (affirming the district court's dismissal of the plaintiff's complaint where his theory was "identical to the 'vapor money' legal theory that numerous federal courts have rejected as frivolous"); Price v. Lakeview Loan Servicing, LLC, Case No. 21-11806, 2022 WL 896816, at *3 (11th Cir. Mar. 28, 2022) (affirming district court's dismissal of plaintiff's complaint based on the "vapor money" theory and stating "[t]his theory is nonsensical and fundamentally misunderstands how negotiable instruments work"); Knapp v. Compass Minn., LLC, No. 24-CV-00100, 2024 WL 2832502, at *7 n.4 (D. Minn. June 4, 2024) ("courts across the country have consistently rejected the 'redemption' and 'vapor money' theories as frivolous and nonsensical").

Federal courts have held "[t]he 'vapor money' theory of recovery is patently frivolous no matter how disguised under a legitimate cause of action." Wilson v. GMFS Mortg., Civil Action 22-478, 2023 WL 1542431, at *7 (M.D. La. Jan. 9, 2023), *report and recommendation adopted*, 2023 WL 1802406 (M.D. La. Feb. 7, 2023); see, *e.g.*, Torne v. Republic Mortgage LLC, Case No. 09-2445, 2010 WL 1904507 (D. Nev. May 10, 2010) (dismissing, in some instances *sua sponte*, claims alleging fraud, conversion, conspiracy, extortion, securities fraud, and violations of the Truth in Lending Act (TILA), the Fair Credit

15

Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), and GAAP, based on "vapor money" theories of recovery where the plaintiff claimed his loan was invalid because it was made with credit rather than cash); Barber v. Countrywide Home Loans, Inc., Case No. 09-40, 2010 WL 398915, at *4 (W.D.N.C. Oct. 7, 2009) (dismissing "utterly frivolous" and "patently ludicrous" claims of fraud, racketeering, and conspiracy based on vapor and unlawful money claims, and advising plaintiffs that their "tactics are a waste of their time as well as the court's time, which is paid for by hard-earned tax dollars").

Reading the complaint and the attachments together, as Fed. R. Civ. P. 10(c) requires, forces the conclusion that the plaintiff's claims may be premised on this "universally and emphatically rejected" theory. See McLaughlin, 726 F. Supp. 2d at 213-14. The plaintiff's attached "administrative remedy demand" asserts that "since 1933 the United Sates [sic] has operated upon the good faith and credit of the American People," and so "[o]nly We the American People can create money." Dkt. No. 1-1 at 2. It contends that "[w]hen [the plaintiff] place[d] [his] signature on the Promissory Note, giving value to the Note, [he] was the originator of the funds and, therefore, the Creditor of the transition." Id. It asserts that the defendant(s) did not loan the plaintiff "anything of value," dkt. no. 1-1 at 2-4, and that he "is entitled to the return of all funds paid by [him] for the years 2019, 2020, 2021, 2022 where [he] paid monthly payments, plus all later fees and interest fraudulently charged[,]" dkt. no. 1 at 4. The "vapor money" debt theory expressed in the "administrative remedy demand"

attached to the complaint is patently frivolous and cannot form the basis of a valid claim.

A federal court has the authority to refuse to allow a plaintiff to amend his complaint if "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004); see Johnson v. Deutsche Bank Nat'l Trust Co., 2009 WL 2575703, at *4 (S.D. Fla. July 1, 2009) (concluding complaint "cannot state a cause of action as all counts rely on the vapor money theory, which is 'patently frivolous and a waste of judicial resources'" and "granting leave to amend would be futile" (quoting Richardson v. Deutsche Bank Trust Co. Americas, 08–01857, 2008 WL 5225824, at *7 (M.D. Pa. 2008))). The plaintiff is representing himself so the court is going to give him a chance to amend the complaint, because it is possible that he seeks to allege a violation of a federal statute such as the FDCPA or TILA. But if the court receives from the plaintiff an amended complaint that—like the original—asserts claims based on the "vapor money" debt theory, the court will dismiss that amended complaint, and this case, as frivolous.

The court includes with this order a blank copy of the court's amended complaint form. The plaintiff must put the case number for this case—24-cv-648—in the field for the case number. He must list in the caption each defendant he wishes to sue and provide the state of citizenship for each. He must provide sufficient facts to allow the court to determine how many

17

defendants he is suing, who those defendants are and what federal laws he believes they violated. The amended complaint will take the place of the original complaint; it must be full and complete in itself and cannot refer the court back to the original complaint or to attachments to the original complaint. Any documents the plaintiff attaches to the amended complaint will be incorporated into the amended complaint.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the original complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

The court **ORDERS** that if the plaintiff wishes to proceed with this federal case, he must file an amended complaint that complies with this order. The plaintiff must file the amended complaint in time for the court to *receive* it by the end of the day on **August 9, 2024**. If the court receives the amended complaint by day's end on August 9, 2024, the court will screen the amended complaint. If the court does not receive an amended complaint by day's end on August 9, 2024, the court will dismiss this case.

Dated in Milwaukee, Wisconsin this 18th day of July, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**