UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FERNANDO ADAMS,

        Plaintiff,

   v.

Case No. 24-cv-648-pp

CAPITAL ONE AUTO FINANCE,

        Defendant.

**ORDER SCREENING AMENDED COMPLAINT AND DISMISSING CASE FOR FAILURE TO STATE CLAIM**

On March 25, 2024, the plaintiff—who is representing himself—filed a complaint alleging that he had made an "administrative remedy demand notice of acceptance" to the defendant, who had not responded within fifteen days. Dkt. No. 1. On July 18, 2024, the court issued a screening order dismissing the original complaint for lack of subject-matter jurisdiction. Dkt. No. 4. The court observed that the original complaint appeared to be calling into question the validity of a loan "through what is sometimes known as the 'vapor money' theory of debt."[1] Id. at 13-14. Because the plaintiff is representing himself, the

---

[1] The court explained that "[t]he 'vapor money' theory rests on the assumption 'that promissory notes (and similar instruments) are the equivalent of "money" that citizens literally "create" with their signatures.'" Dkt. No. 4 at 14 (quoting McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 212 (D. Conn. 2010)). The court also observed that "[f]ederal courts universally have rejected the 'vapor money' debt theory." Id. at 15 (citing Allah-Bey v. Roberts, 668 F. App'x 419, 420 (3d Cir. 2016); Price v. Lakeview Loan Servicing, LLC, Case No. 21-11806, 2022 WL 896816, at *3 (11th Cir. Mar. 28, 2022); Knapp v. Compass Minn., LLC, No. 24-CV-00100, 2024 WL 2832502, at *7 n.4 (D. Minn. June 4, 2024)).

1

court stated that it "[was] going to give him a chance to amend the complaint, because it is possible that he seeks to allege a violation of a federal statute such as the FDCPA or TILA." Id. at 17. The court cautioned the plaintiff, however, that "if [it] receives from the plaintiff an amended complaint that—like the original—asserts claims based on the 'vapor money' debt theory, the court will dismiss that amended complaint, and this case, as frivolous." Id.

On August 8, 2024, the court received the plaintiff's timely-filed amended complaint. Dkt. No. 5. This order screens that amended complaint.

**I.     Content of Amended Complaint**

The amended complaint names "Capital One Auto Finance" as the defendant. Dkt. No. 5 at 1. It alleges that on January 20, 2023, the plaintiff "did present to Capital One Auto Finance . . . a true, correct, and complete copy of a notice of acceptance of account pending verification of alleged account # 6204145634764." Id. at 3. The amended complaint states that "PS Form 3811 with a signature dated 1-31-2023 confirms that the respondents received the notice of acceptance."[2] Id. It contends that the defendant was "given 30 (thirty) calendar days to respond/rebut the notice of acceptance" and that "no response was received from the [defendant]." Id.

The amended complaint then alleges that on February 21, 2023, the plaintiff "provided [the defendant] with a notice of fault and opportunity to cure the alleged account;" and that "form 3811 confirms delivery of said notice" on

---

[2] "PS Form 3811" appears to be referring to a United States Postal Service form. See Dkt. No. 5-1.

2

Case 2:24-cv-00648-PP   Filed 11/27/24   Page 2 of 8   Document 6

March 7, 2023." Id. The amended complaint alleges that the plaintiff has received "[n]o response from the [defendant] as of date." Id. It asserts that on March 20, 2023, the plaintiff "completed his administrative process in an effort to settle and close the alleged account." Id. The amended complaint recounts that on April 16, 2023, the plaintiff "completed a UCC financing statement against the [defendant]." Id.

The amended complaint describes the Fair Debt Collection Practices Act (FDCPA). Id. at 3-4. It asserts that

> 15 U.S.C. §1692g a states that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification of judgement will be mailed to the consumer by the debt collector.

Id. The amended complaint contends that the defendant violated this section of the FDCPA. Id. at 4. It avers that "15 USC 1692g (b) states that if any portion of a debt is disputed the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment," and it alleges that "to date, per plantiffs [sic] credit report the [defendant] continue[s] to list the alleged loan as a collection[,]" which the plaintiff claims "is in violation of federal law." Id.

Under the section "relief wanted," the plaintiff states that he "believes that the court is able to find the [defendant is] in violation of federal law 15 U.S.C. §1692g (a), (b) and that the plaintiff is, in fact, lawfully seeking relief in the amount of $21,701.78." Id. at 5. The plaintiff explains "[t]his amount was paid by the plaintiff over the course of 4 years." Id.

3

## II. Legal Standard

When screening the amended complaint, the court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b); see also Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."). "[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996). However, the "court is not to become an advocate." Id. Because of this, the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982)).

Although courts liberally construe pleadings filed by self-represented litigants, their pleadings still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff does not need to plead every fact supporting his claim, but he does need to give the

4

defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim against a defendant, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

**III. Discussion**

The amended complaint corrects some of the deficiencies the court identified in the original complaint. The amended complaint identifies the federal statute the defendant believes the defendant violated, so the court now can be assured that it has federal question jurisdiction. The amended complaint clearly identifies a single defendant—Capital One Auto Finance. The allegations in the amended complaint do not appear to rely on the "vapor money" debt theory. But the amended complaint does not allege facts sufficient to state a claim.

The plaintiff appears to be alleging that the defendant did not comply with the FDCPA—particularly the requirements that upon receiving notice of a consumer's dispute of a debt, the debt collector must obtain verification of the debt (or a copy of any judgment against the consumer) and send it to the

5

consumer, and must cease collection of the debt until the verification or judgment has been obtained. Dkt. No. 1 at 3-4. To establish a claim under the FDCPA, the plaintiff must prove that (1) the defendant qualifies as a "debt collector" as defined in §1692a(6), (2) the defendant took the actions of which the plaintiff complains "in connection with the collection of any debt" and (3) the actions violated one of the FDCPA's substantive provisions. Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 384 (7th Cir. 2010) (citation omitted) (internal quotation marks omitted). Under the FDCPA, "if a consumer disputes the amount of a debt, a debt collector must 'cease collection' until it 'obtains verification of the debt' and mails a copy to the debtor." Obduskey v. McCarthy & Holthus LLP, 586 U.S. 466, 474 (2019) (quoting 15 U.S.C. §1692g(b)). "'[D]ispute' is a term of art in the Fair Debt Collection Practices Act[;] [i]t means that the consumer can, without giving a reason, require that the debt collector verify the existence of the debt before making further efforts to collect it." DeKoven v. Plaza Assocs., 599 F.3d 578, 582 (7th Cir. 2010) (citing 15 U.S.C. §§1692g(a)(4), (b)). "Thus, if a consumer wrote and sought verification, he would be disputing the debt for the purposes of the Act, and would be entitled to all of the same protections afforded under the Act as if he had written to dispute the debt." Gruber v. Creditors' Prot. Serv., Inc., 742 F.3d 271, 274 (7th Cir. 2014).

      The amended complaint does not allege that the defendant qualifies as a debt collector under the statute. It does not allege that the plaintiff owed the defendant a debt. It does not allege that the plaintiff "disputed" any debt or

6

Case 2:24-cv-00648-PP   Filed 11/27/24   Page 6 of 8   Document 6

that he "sought verification" of any debt. Gruber, 742 F.3d at 274. The amended complaint asserts that the plaintiff sent "a notice of acceptance of account *pending verification* of alleged account # 6204145634764" to the defendant. Dkt. No. 5 at 3 (emphasis added). But it does not explain whether the plaintiff ever "sought verification" of a debt—the language of the amended complaint refers repeatedly to the plaintiff sending the defendant a "notice of *acceptance*," not a dispute or a request for verification. The amended complaint also says that the plaintiff provided the defendant with a "notice of fault and opportunity to cure" the account; this makes it sound as if the *defendant* was in default on a debt, not the plaintiff.

Although a district court must "construe [unrepresented litigants'] complaints liberally," see Donald, 95 F.3d at 555, even a liberal construction of the allegations in the amended complaint fails to reveal a cause of action. It would be fairly straightforward for the plaintiff to say, "I financed something with Capital One. On X date, they sent me a notice that I had fallen behind on my payments. I disagreed, so on Y date I sent them a letter disputing that I owed them a debt. They were supposed to verify the debt and stop collection efforts, but they didn't." The plaintiff has not alleged any of those things. And he has not explained why he believes that as relief, he is entitled to the return of the $21,701.78 that he paid over the course of four years.[3]

---

[3] The FDCPA allows a consumer who prevails on an FDCPA claim to an award of "any actual damage sustained" by the consumer because of the defendant's failure to comply with the statute. 15 U.S.C. §1692k(a).

Because the amended complaint does not allege that the defendant qualifies as a debt collector, does not allege that the plaintiff owed a debt and does not allege that he "disputed" that debt, the plaintiff has not alleged sufficient facts to show that the defendant was required to comply with the requirements of the FDCPA (or that it has not done so). As the court explained in its July 18, 2024 order, a federal court has the authority to refuse to allow a plaintiff to amend his complaint if "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." <u>Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n</u>, 377 F.3d 682, 687 (7th Cir. 2004). The court has given the plaintiff one chance to amend his complaint to state a claim, but he has been unable to do so. The court will not give the plaintiff a second opportunity to amend.

## IV.    Conclusion

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which this federal court may grant relief. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th2nd day of November, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**